THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLOS MANFREDO PENTZKE-CHAMORRO,<br><br>Defendant. | Crim. No. 23-00130 (ADC) |

### OPINION AND ORDER

On January 16, 2026, defendant Carlos Manfredo Pentzke Chamorro ("Pentzke Chamorro") filed a motion for release on bail pending the appeal of his 54-month sentence of imprisonment imposed by the Court on October 1, 2025. **ECF No. 473**. The United States of America ("government") opposed the motion on January 21, 2026. **ECF No. 477**.

To be entitled to release on bail pending appeal, Pentzke Chamorro must, among other things, establish that his appeal raises a substantial question of law or fact that, if decided in his favor, would likely result in the reversal of his conviction, a new trial, a sentence that does not include a term of imprisonment, or one reduced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b).

Pentzke Chamorro, however, does not even attempt to establish that his appeal presents such a question. Accordingly, for the reasons explained below, the Court **DENIES** defendant's motion.

Case 3:23-cr-00130-ADC    Document 500    Filed 03/04/26    Page 2 of 6

**Crim. No. 23-00130 (ADC)**                                                                 **Page 2**

I.   **Procedural Background**

On March 22, 2021, a grand jury returned a twenty-one-count indictment against Pentzke Chamorro and five other co-defendants, with Pentzke Chamorro indicted on three counts of wire fraud and one count of conspiracy to commit money laundering (18 U.S.C. § 1956(h)). **ECF No. 3**, at 29-30.

Counts Eighteen, Nineteen, and Twenty charged Pentzke Chamorro with aiding and abetting his co-defendants in knowingly and intentionally devising a scheme to defraud the United States Small Business Administration ("SBA") and Oriental Bank by submitting "false and fraudulent applications" under the Economic Injury Disaster Loan ("EIDL") and Paycheck Protection Program ("PPP") programs. **ECF No. 3**, at 25. Count Twenty-One charged Pentzke Chamorro with conspiring with his co-defendants to commit money laundering against the United States. *Id*. The wire fraud and money laundering conspiracy arose in relation to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, which authorized the SBA to issue loans to small businesses and nonprofit entities experiencing revenue loss due to the COVID-19 pandemic. **ECF No. 377**, at 6. Pentzke Chamorro allegedly received fraudulent loan funds from the EIDL and Paycheck Protection Program PPP programs. *Id.*, at 9.

On March 10, 2025, Pentzke Chamorro waived his right to trial by jury and entered guilty pleas as to Counts Eighteen, Nineteen, and Twenty of the indictment. **ECF Nos. 338, 340, 341**. On October 1, 2025, Pentzke Chamorro was sentenced to a term of imprisonment of 18 months as to each count (to be served concurrently), a term of supervised release of three years as to

each count (also to be served concurrently), and ordered to pay a monetary assessment fee of $300 and restitution in the amount of $146,000. **ECF No. 452**.

On October 15, 2025, Pentzke Chamorro filed a notice of appeal with the First Circuit. **ECF No. 456**. Following the docketing of his appeal, on January 16, 2026, Pentzke Chamorro filed the instant motion for bail pending appeal. **ECF No. 473**. The government opposed on January 21, 2026. **ECF No. 477**.

**II.        Legal Standard**

Release on bail pending appeal is governed by 18 U.S.C. § 3143. *See* Fed. R. Crim. P. 46(c). This section provides for the continued detention of a defendant convicted and sentenced to a term of imprisonment pending appeal. 18 U.S.C. § 3143(b). "[T]here is no presumption in favor of release pending appeal; on the contrary. . . detention (following conviction and sentencing) is mandatory unless the defendant can establish that one of the exceptions contained in the statute applies." *See United States v. Colón-Muñoz*, 292 F.3d 18, 20 (1st Cir. 2002). The burden of establishing that an exception applies rests squarely on the defendant. *United States v. Colón-Berríos*, 791 F.2d 211, 214 n.4 (1st Cir. 1986) ("In enacting § 3143, Congress placed the burden as to all elements bearing on whether to grant bail pending appeal on defendants.").

Under 18 U.S.C. § 3143(b)(1), a defendant must establish:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

      (i) reversal,
      (ii) an order for a new trial,
      (iii) a sentence that does not include a term of imprisonment, or
      (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

With regards to the second prong, it may be divided into "two distinct requirements: (1) that the appeal raise a substantial question of law or fact and (2) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Bayko*, 774 F.2d 516, 522 (1st Cir. 1985).[1]

A "substantial question of law or fact" is one that is "a close question or one that very well could be decided the other way." *United States v. Zimny*, 857 F.3d 97, 100 (1st Cir. 2017) (citing *Bayko*, 774 F.2d at 523). This determination is to be made on a case-by-case basis, and the mere "possibility of reversal" is not enough to make a question a substantial one. *Bayko*, 774 F.2d at 523 ("The finding made by the district court was that there was 'a possibility of reversal.' This cannot mean 'a "close" question or one that very well could be decided the other way.'").

If the defendant establishes the existence of a substantial question, then the Court "proceeds on the assumption that the substantial question of law or fact 'is determined favorably to defendant on appeal.'" *Zimny*, 857 F.3d at 100-01 (citing *Bayko*, 774 F.2d at 522). Then, the

---

[1] The Court notes that the version of the statute cited in *Bayko* did not include language equivalent to 18 U.S.C. § 3143(b)(1)(B)(iii-iv).

question is limited to whether it is likely that such decision will result in one of the four outcomes listed in 18 U.S.C. § 3143(b)(1)(B). Whether this likelihood test is met depends on whether the error raised on appeal is harmless or not. *Bayko*, 774 F.2d at 523 ("[T]he language in the statue which reads 'likely to result in reversal or an order for a new trial' is a requirement that the claimed error not be harmless or unprejudicial.").

The Court need not address the first two elements of section 3143(b) (that the person is not likely to flee or pose a danger to the safety of any other person or the community if released) if defendant's motion fails at the outset as to the second prong. *United States v. McDonough*, 2011 U.S. App. LEXIS 26656, at *2 (1st Cir. Nov. 14, 2011).

### III.    Discussion

Although Pentzke Chamorro's motion for release on bail pending appeal states that his "appeal raises multiple substantial questions which, if resolved in his favor, would likely compel reversal or a new trial," there is a complete absence of any such questions being identified or discussed. **ECF No. 473**, at 3. In the motion's five pages, there are only discussions of how Pentzke Chamorro: poses no flight risk, is a "long-serving emergency and outpatient physician with significant chronic health conditions," has "relatives in Puerto Rico and abroad [who] rely on his financial and medical support," and has "demonstrate[d] rehabilitation." *Id.* None of these addresses the most critical factor of whether the Court can grant bail pending appeal, that is whether the appeal raises a substantial question of law or fact which, if resolved in defendant's favor, would compel reversal or result in a new trial. The government's brief, too,

correctly points out that Pentzke Chamorro's brief "does not actually articulate a substantial question of law or fact," but "recounts facts that we already know." **ECF No. 477**, at 2. Accordingly, Pentzke Chamorro's petition clearly fails the second prong of section 3143(b) at the outset, and the Court need not address the statute's other two prongs. *See McDonough*, 2011 U.S. App. LEXIS 26656, at *2.

## IV. Conclusion

Pentzke Chamorro's request for release pending appeal is **DENIED**. Petitioner has not shown that his appeal presents a substantial question of law or fact "likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *Bayko*, 774 F.2d at 522. Therefore, he has not met the burden of establishing his entitlement to relief under 18 U.S.C. § 3143(b)(1).

**SO ORDERED**.

At San Juan, Puerto Rico, on this 4th day of March, 2026.

                                                            **S/AIDA M. DELGADO-COLÓN**
                                                            **United States District Judge**